UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

LINDA ANN CALDWELL,
    Plaintiff,

vs.                                                                                       03-1417

CHERYL EWING, et al.,
    Defendants.

ORDER

This cause is before the court for consideration of the plaintiff's motion to proceed in forma pauperis on appeal [d/e 70] and the defendants' motion to strike the plaintiff's brief in support of the motion. [d/e 73]

Under 28 U.S.C. § 1915(a)(3), the court is required to determine if the plaintiff's appeal is taken in good faith. "Good faith" within the meaning of § 1915(a)(3) is not about the plaintiff's sincerity in requesting appellate review. Rather, an appeal taken in "good faith" is an appeal that, objectively considered, raises non-frivolous colorable issues. *See Cruz v. Hauck*, 404 U.S. 59, 62 (1971); *see also Coppedge v. United States*, 369 U.S. 438, 445 (1962).

On June 21, 2006, this court indicated that it doubted whether plaintiff's appeal was taken in good faith, and directed the plaintiff to submit a brief stating her grounds for appeal to assist the court in determining the issue. *see Celske v. Edwards,* 164 F.3d 396, 398 (7th Cir. 1999). The plaintiff has now submitted a brief for the court's consideration.

The defendants have filed a motion asking the court to strike the brief. The defendants state that the brief is addressed to the United States Court of Appeals and does not respond to the court's order asking for the grounds for appeal. The plaintiff has filed a 50 page brief with hundreds of pages of documents. It is clear the plaintiff has addressed issues beyond her grounds for appealing the court's order granting summary judgement. Nonetheless, the plaintiff is proceeding pro se. The court will consider the relevant portions of the plaintiff's brief. Therefore, the defendants motion to strike the brief is denied. [d/e 73]

The plaintiff is appealing the court's March 24, 2006 Court Order granting defendants' motion for summary judgement. The plaintiff had the following surviving claims:

    1) Defendants Ewing, Lovell, Cahill-Masching, Snyder and Ford violated the
    plaintiff's First Amendment rights by denying her only avenue of religious study.
    2) Defendants Ewing, Lovell, Cahill-Masching, Snyder and Ford violated the
    plaintiff's First Amendment, Equal Protection and Due Process rights when the
    plaintiff was denied various African American magazines without any explanation.
    3) Defendants Ewing, Lovell, Cahill-Masching, Snyder and Ford retaliated against
    the plaintiff for her grievances and legal activities by denying "legal" status to her
    ACLU and NAACP letters.
    4) Defendants Kuhse, Johnson, Ewing, Lovell, Cahill-Masching, Snyder and Ford
    violated the plaintiff's First Amendment rights by either opening privileged or

      legal mail outside her presence or causing lengthy delays in receiving mail.
      5) Defendants Ewing, Lovell, Cahill-Masching, Snyder and Ford violated the plaintiff's First Amendment right to meaningful access to the courts when they delayed legal mail and the plaintiff missed court deadlines.

    The court found that the plaintiff had failed to demonstrate that their was any genuine issue as to any material fact and the defendants were entitled to judgement as a matter of law. *See* March 24, 2006 Court Order.

    The plaintiff devotes much of her brief to arguing that the court should have dismissed certain claims and defendants on March 17, 2005. However, the plaintiff's notice of appeal clearly states she is appealing the court's March 24, 2006 decision to deny the summary judgment motion.

    As for the motion for summary judgement, the plaintiff repeats many of her earlier arguments. For instance, the plaintiff again argues that the defendants violated her First Amendment right to practice her religion by confiscating self-addressed envelopes. The plaintiff has simply failed to demonstrate that the envelopes were essential to the practice of her religion and admits again in her brief that she still diligently studies her religion. (Brief, p. 8)

    The plaintiff also argues that the defendants violated her First Amendment right when she was denied certain magazines. The plaintiff now appears to claim that she did fully appeal the denial of those magazines, although she offers no proof of this claim. The plaintiff further argues that the defendants retaliated against her by denying legal status to letters to the ACLU and NAACP. The defendants stated that letters directed to these agencies in general are not considered legal mail. The letter the plaintiff points to in her exhibit was from a specific attorney at the NAACP which the defendants state would be considered legal mail and was given legal mail status. The plaintiff has not demonstrated that the defendants retaliated against her by failing to give some letters legal mail status.

    The plaintiff argues the continual mail delays violated her right to meaningful access to the courts. However, ,the plaintiff has still failed to provide clear evidence of an "actual injury" from the inability to pursue a nonfrivolous claim. *Lewis v. Casey*, 116 S.Ct. 2174, 2179-2180 (1996).

    The bulk of the plaintiff's complaint rehashes earlier arguments rejected by the court in its order on the summary judgement motions. Since the court has not been able to find any substantial issue meriting relief from judgement, and the plaintiff has failed to proffer any reason for the court to doubt this determination, the court cannot find a good faith basis for appeal. Accordingly, the court denies plaintiff's motion for leave to proceed in forma pauperis and certifies, pursuant to 28 U.S.C. §1915(a)(3), that the appeal is not in good faith.

    The Seventh Circuit has determined that if the district court certifies that an appeal is not taken in good faith, the appellant cannot prosecute the appeal in forma pauperis, but must pay the appellate fees of $455 within 14 days. *See Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997). If the plaintiff wishes to contest this Court's finding that the appeal is not taken in good faith, he must file a motion with the Court of Appeals seeking review of this Court's certification within 30 days after service of this order. *See* Fed.R.App.P. 24(a).

**IT IS THEREFORE ORDERED that:**

**1) The defendants motion to strike the plaintiff's brief stating her grounds for appeal is denied. [d/e 73]**

**2) The plaintiff's motion for leave to appeal in forma pauperis is denied. [d/e 70].**

**3) The plaintiff is ordered to remit to the Clerk of the Court the $455 appellate fee within 14 days of the date of this order. Plaintiff is responsible for ensuring payment of the filing fees as directed by this order, and should ensure that the institution having custody of him transmits the necessary funds.   The obligation to ensure full payment of the filing fees imposed by this order shall not be relieved by release or transfer to another prison.  Plaintiff is under a continuing obligation to inform the Clerk of this Court in writing of any change of address within seven days.   The clerk is directed to submit a copy of this order to the United States Court of Appeals for the Seventh Circuit**

Enter this 30th day of April, 2007.


s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE